Keiko J. Kojima (SBN 206595)
E-mail: kkojima@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600; Fax: 213.236.2700

Attorneys for Plaintiff
Hartford Life and Accident Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RUTH MAAS; SAMANTHA MAAS; DENISE VELOFF; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT IN INTERPLEADER** |

Plaintiff Hartford Life and Accident Insurance Company ("Hartford") alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. § 1331 as this action relates to a dispute among a beneficiary and claimants to life insurance benefits provided through an employee welfare benefit plan established and maintained by an employer and regulated by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").

2. Plaintiff Hartford is a Connecticut Corporation with its principal place of business in Connecticut. Hartford is authorized to conduct and is lawfully

conducting the business of insurance within the State of California, and within this District.

3. Defendant Ruth Maas, an individual, is a citizen of the State of California and resides in the County of Orange, California.

4. Defendant Samantha Maas, an individual, is a citizen of the State of Arizona and resides in the County of Maricopa.

5. Defendant Denise Veloff, an individual, is a citizen of the State of California and resides in the County of Riverside, California.

6. Diversity of citizenship between Hartford as stakeholder and the Defendants as claimants exists for purposes of Rule 22, Federal Rules of Civil Procedure, in that Hartford is incorporated in the State of Connecticut, with its principal place of business in Connecticut, and none of the Defendants are citizens or residents of Connecticut. The amount in controversy for Rule 22 interpleader is satisfied because more than $75,000 is in controversy in this case, exclusive of interest and costs.

7. Venue is proper in this Court in that one or more Defendants reside in this federal judicial district and Plaintiff is authorized to conduct business within this district.

## FACTS RELEVANT TO THE STAKE INTERPLED

8. Molina Healthcare, Inc. established and maintains an employee welfare benefit plan (the "Plan") governed by ERISA that provides eligible participants with group life insurance benefits that were funded in part by group policy no. GL-681158 issued by Hartford to Molina Healthcare, Inc. (the "Policy").

9. Paul Maas ("Mr. Maas") was employed by Molina Healthcare, Inc., and/or one of its related companies, and was a participant in the Plan eligible for group life insurance benefits.

10. According to information provided by Molina Healthcare, Inc., Mr. Maas designated Samantha Maas as the primary beneficiary of his group life

insurance benefits under the Policy.

11. Mr. Maas died on June 1, 2021.

12. Samantha Maas, Ruth Maas, and Denise Veloff submitted claims or claimed entitlement to benefits under the Policy due to Mr. Maas' death.

13. Samantha Maas claims entitlement to the Policy proceeds based on her designation as the beneficiary.

14. Ruth Maas contests Samantha Maas' entitlement for benefits under the Policy, stating that her brother may not have been capable to change a beneficiary, and Ms. Maas may have been taking advantage of Mr. Maas.

15. Denise Veloff seeks the payment from the proceeds based on past due child support owed by Mr. Maas.

## FIRST CAUSE OF ACTION FOR INTERPLEADER

16. Hartford refers to and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 15 above, as though fully set forth herein.

17. There now exists potentially rival, adverse and conflicting claims between Ruth Maas, Samantha Maas, and Denise Veloff, to the insurance proceeds due now under the Policy as a result of Mr. Maas' death.

18. The amount of the unpaid life insurance benefits now due and owing on account of Mr. Maas' death is $89,000, plus accrued interest, if applicable. Hartford will deposit $89,000 plus accrued interest, if applicable, into the Court's registry, there to remain subject to the outcome of this action. Hartford has no interest in the proceeds, except as a mere stakeholder.

19. By reason of the conflicting claims by Defendants, Hartford cannot determine which of the Defendants are entitled to payment of the amount due under the Policy and cannot pay any part of said sum without danger of being compelled to pay said sum to each of the Defendants herein.

20. Hartford has necessarily incurred and will incur attorneys' fees and

costs in bringing this complaint in interpleader. Hartford is entitled to recover its attorneys' fees and costs in this proceeding.

21. Hartford should not be compelled to become involved in the actual or potential disputes or contentions of Defendants, and the Defendants should be ordered to litigate or otherwise settle among themselves without further involving Hartford.

WHEREFORE, Plaintiff Hartford prays judgment as follows:

1. That the Court finds that it has jurisdiction over this matter and the parties;

2. That Defendants be restrained from instituting any action against Hartford for the recovery of the amount of said Policy and/or Plan, or any part thereof;

3. That Defendants be required to interplead and settle among themselves their respective rights to the proceeds under the Policy and/or Plan, and that Hartford be discharged from all liability to Defendants under said Policy and/or Plan, or otherwise;

4. That this Court shall award Hartford its reasonable costs and attorney's fees incurred in connection with this interpleader action, with such sums to be paid out of the amount deposited by Hartford with this Court;

5. That this Court shall dismiss Hartford with prejudice from this action; and

6. For such other and further relief as the Court deems proper.

Dated: February 24, 2022        Burke, Williams & Sorensen, LLP

By: */s/ Keiko J. Kojima*
Keiko J. Kojima
Attorneys for Plaintiff
Hartford Life and Accident Insurance Company