```
ADEPT LAW FIRM
JOSEPH S. FOGEL [SBN 156746]
E-mail: joe@adeptlawfirm.com
4500 Park Granada, Suite 202 F
Calabasas, California 91302-1666
telephone    (818) 986-7100
```

*Attorneys for Defendant-in-Interpleader*
   RUTH MAAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>         Plaintiff,<br>  vs.<br>RUTH MAAS; SAMANTHA MAAS; DENISE VELOFF; and DOES 1 to 10, inclusive,<br><br>    Defendants-in-Interpleader | Case No.   8:22-cv-00297-JLS-KES<br><br>APPLICATION IN SUPPORT OF DEFAULT JUDGMENT IN FAVOR OF DEFENDANT-IN-INTERPLEADER RUTH MAAS<br><br>Hon. Josephine L. Stanton, Judge Presiding |

COMES NOW, Defendant-in-Interpleader RUTH MAAS, who provides this Application in Support of Default Judgment, with the concurrent filing of the Supplemental Declaration of Counsel and Supplemental Declaration of Defendant-in-Interpleader RUTH MAAS, with the Proposed Judgment filed concurrently, as follows:

1. **ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT IN INTERPLEADER SAMANTHA MAAS IS IN THE INTERESTS OF JUSTICE AND SUPPORTED BY THE FACTS AND EITEL FACTORS.**

Defendant in interpleader SAMANTHA MAAS has not participated in this case for more than year, has defied multiple orders of the Court, has not engaged in or responded to discovery, had refused any mediation, and has already had default against her entered by the Court. This Application, and the two Supplemental Declarations, are further support for the Court entering the Default Judgment as proposed, so this matter can be completed. This Application tracks the *Eitel* factors and provides additional facts, both supporting the Court's entry of the Default judgment without further delay.

A. Summary of Legal Process.

The Court entered default of the only other opposing party, Defendant-in-Interpleader SAMANTHA MAAS, on May 24, 2023. Dckt.#50.

Defendant-in-Interpleader SAMANTHA MAAS further failed to provide any responses to Requests for Admission (Set No. 1) which were served on her August 31, 2022.

There are no other parties or issues remaining in this case. Once the Default Judgment against Samantha Maas is entered, the case can be completed.

2. **FACTORS SHOWING COMPLIANCE WITH LOCAL RULE 55-1.**

Pursuant to Local Rule 55-1 this Application and the supporting Declarations and Supplemental Declarations, satisfies the requirements for the Court to enter the default judgment.

The default was entered as ordered on the Complaint (Dckt.#1) filed by *Hartford Life and Accident Insurance Company v. Ruth Maas, Samantha Maas, Denise Veloff.* The insurance company has been dismissed (Dckt. #37) and the additional party Denise Veloff was settled as part of that stipulation and dismissal.

(*See* Dckt. #48, #49).

The party in default, Samantha Maas, is not an infant or incompetent person.

The party in default, Samantha Maas is not a service member.

Motions for default judgment must (1) address the seven factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), and (2) identify and discuss the evidence supporting the filing party's claimed damages or other requested remedy. Additionally, the moving party must provide a proposed order that incorporates its analysis of the Eitel factors and its discussion of evidence. Where a motion fails to comply with this procedure, the Court will strike the motion. The *Eitel* factors are the recognized authority in the 9th Circuit for the District Court's entry of a default judgment.  As the 9th Circuity held, "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the *Federal Rules of Civil Procedure* favoring decisions on the merits. 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)

3. APPLICATION OF THE EITEL FACTORS STRONGLY SUPPORTS THE ENTRY OF THE DEFAULT JUDGMENT AS PROPOSED.

1. The Possibility of Prejudice to the Plaintiff.

There is no unfair prejudice to the defaulting party.  Samantha Maas is well aware of this action because she appeared in it.  Samantha Maas answered the interpleader complaint, knowing what was involved in the case and was disputed. Counsel for Ruth Maas spoke to Samantha Maas on the phone, to be clearly told

that Samantha Maas would not participate in any mediation, as ordered by the Court. Samantha Maas failed to respond to Requests for Admissions and thereby admits that she has no rights to any of the benefits at issue. Samantha Maas failed to participate in mediation. Samantha Maas agreed to the settlement of Ms. Veloff. After that time, Samantha Maas stopped any communications or participation in this case. Almost one year has passed without anything from Samantha Maas.

There is no unfair prejudice to Samantha Maas by the default judgment. Samantha Maas has abandoned this action, for a long time, and has disobeyed several Court orders. Before the interpleader was filed, Samantha Maas had admitted to Ruth Maas that she was not the intended beneficiary, but that Samantha's mother was pushing her to ask for the money. Samantha Maas had agreed to waive her claim and Hartford prepared a Waiver & Release of Claim for Samantha Maas to sign.

Samantha Maas's agreement during the claim process to waive her claim is strong evidence that she will not be prejudiced by this default judgment.

Samantha Maas was a distant relation to Paul Maas, but had no real relationship with him. The family relationship was quite distant: Samantha Maas's mother, years ago, had been married to a brother of Paul Maas, but the mother had abandoned her husband, who died homeless, in 2016. Samantha Maas had very little contact with Paul Maas after that time. Paul Maas lived in the Long Beach California area. Samantha Maas lives in Arizona. There is no evidence or knowledge that Samantha Maas traveled to visit Paul Maas in the last six years, or that he traveled to see her. Because they had no real relationship, there is no prejudice to the entry of the proposed judgment.

It has been almost six months since the entry of default of Samantha Maas, without any further action by her. It is more than a year after Samantha Maas's failure to provide discovery responses. At this point, the prejudice is all suffered

by Ruth Maas because of the delay and difficulty in the payment of the benefits. Samantha Maas has not only failed to participate in discovery, to respond to discovery, but has failed to even comply with the orders of the Court. A long time period has gone by without any participation by Samantha Maas.

   2. The Merits of Plaintiff's Substantive Claim.

   Ruth Maas was Paul Maas's life insurance beneficiary at his prior job. Ruth Maas had a fairly close relationship with her brother. They were the only two siblings left in their family. At the time Paul Maas started his work at Molina Healthcare, his mental condition was suffering and only declined. Paul Maas suffered from several significant health conditions of his own, including severe late stage alcoholism, and a mental condition known as Wernick-Korsakoff syndrome, which significantly affects mental/executive functioning.

   There is no document signed by Paul Maas making Samantha Maas the beneficiary. The insurance company provided its documents and there is no written designation. There was a communication from the insurance company that Ruth Maas's address was in the system. This is very consistent with Paul Maas's condition at the time that he joined Molina Healthcare, in October 2020.

   When Paul Maas joined Molina Healthcare, he was working remotely, due to the pandemic. His health and mental condition only declined from there. At that time, he was supposed to work from home. Paul Maas was in very bad physical and mental condition at that time, which is when the beneficiary designation would have been signed. Because his mental and physical condition only declined after that, and he continued to work remotely, until taking disability about a month before his passing, it is not surprising that he did not physically go into Molina Healthcare and sign the designation naming Ruth Maas, even though that was his intent.

Ruth Maas does declare that Paul Maas had told her that she was the life insurance beneficiary on his prior benefits, before starting at Molina Healthcare. Ruth Maas was Paul Maas's sole living brother or sister at that time, the others having passed away before.

Ruth Maas did act in a way that is consistent with being the person who cared about Paul Maas and felt a responsibility for caring for her brother. Ruth Maas was the person who found his body in his apartment. She arranged for his cremation. Paul Maas had told her what his final wishes were for his body, and she respected those wishes. She has possession of his ashes. Ruth Maas acted as the administrator of his small estate (no real property). She handled closing up his apartment and removing his personal possessions. These are all actions that are consistent with a close relationship, such that Paul Maas would reasonably have Ruth Maas as his life insurance beneficiary.

On the merits of the case, Ruth Maas is likely to prevail over Samantha Maas, as the intended life insurance beneficiary of her brother, Paul Maas.

3. The Sufficiency of the Complaint.

The complaint gives clear notice of the amount in dispute and the parties disputing the amount. Because this is an interpleader, there is a set amount of funds at stake. Samantha Maas knows from the Complaint just what is involved in this case.

The complaint is sufficient for this factor.

4. The Sum of Money at Stake in the Action.

The amount of money at stake in the action is particularly clear, not vague, because this is an interpleader Complaint and is only about the actual life insurance benefits at stake. There is nothing vague or unclear. There are no emotional damages involved or other types of compensation that have a range of

acceptable values.  This interpleader complaint is just about the stake, the life insurance benefits remaining with the Court.

The dispute is sufficient that a party who strongly seeks to vindicate their rights, can at least comply with the Court orders and appear in Court.  Samantha Maas has failed to do anything to show that she believes that she has a right to benefits.

5. The Possibility of Dispute as to Material Facts.

Samantha Maas, having admitted before the lawsuit that she knew she was not the intended beneficiary, has no real facts to dispute.  The intended beneficiary was Ruth Maas.

Samantha Maas has served no discovery in this case.

Samantha Maas has failed to respond to any of the discovery served by Ruth Maas.  Samantha Maas has failed to respond to the Requests for Admission served by Ruth Maas.  Those Requests for Admissions include admissions that Samantha Maas has no rights to the life insurance benefits and is not the life insurance beneficiary.  Those Requests for Admissions are deemed admitted.

There is designation form signed by Paul Maas naming Samantha Maas.  Hartford, in discovery, admitted that there is no *Beneficiary Designation* card on file.  Samantha Maas has no family or social facts upon which to show, or imply, that Paul Maas intended for her to be paid the benefits.

Samantha Maas's abandonment of this case another sign that she has no facts supporting her claim.

6. Whether the Default was Due to Excusable Neglect.

It is unlikely that there is any excusable neglect on the part of Samantha Maas.  She knows of the case.  She Answered.  She agreed to the settlement of Ms. Veloff.  She told counsel for Ruth Maas that Samantha refused to mediate.

As litigation becomes more involved, closer to trial, she likely chose to avoid this case. Samantha Maas has abandoned this case for a long time, almost a year.

Samantha Maas refused to comply with the Court's order to mediate this case.

7. Strong Preferance for Decisions on the Merits.

There is a strong preferance for decisions on the merits. If Samantha Maas had participated in the litigation of the case, responding to discovery, stating any support for her position, there might have been a settlement reached. Because Samantha Maas had admitted before the case was filed that she knew she was not the intended beneficiary. Samantha Maas's failure to appear is consistent with her lack of any case on the merits.

But the Courts manage disputes between sides. When one side fails to appear and fails to engage in litigation, and refuses to comply with multiple Court orders, a decision against that party is consistent with the preferance for decisions on the merits.

4. CONCLUSION

The *Eitel* factors provide particularly strong support for the entry of a default judgment in an interpleader case. If the Court seeks additional information, this moving party requests the opportunity to be heard, but only if necessary.

Ruth Maas has been trying to have the life insurance benefits completed since the passing of Paul Maas on June 1, 2021.

In the context of an interpleader complaint, and particularly on the facts of this case, the *Eitel* factors, the Local Rule 55-1, and the actions of the parties all strongly support entry of the Default Judgment. This case pertains to a fixed sum of money (increased only by interest) which is already deposited with the clerk of

the court.  There is no possibility of excessive damages in a judgment against a party that failed to appear in response to a summons.  The parties disputed the payment of the insurance benefits to any one of them.  The insurance company filed the interpleader, deposited the funds, and obtained a dismissal.

      The Court should enter the default judgment.

DATED: October 11, 2023

Respectfully submitted,

ADEPT LAW FIRM

By: *Joseph S. Fogel* /s/
JOSEPH S. FOGEL,
*Attorney for Defendant-in-Interpleader*
RUTH MAAS