cc: Fiscal

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-00297-JLS-KES                               Date: December 06, 2023
Title: Hartford Life and Accident Insurance Company v. Ruth Maas et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                         Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER DENYING PLAINTIFF'S**
**                           APPLICATION FOR DEFAULT JUDGMENT (Doc. 60)**

Before the Court is Interpleader Defendant Ruth Maas's application for default judgment.  (App., Doc. 60.)  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for December 1, 2023 at 10:30 a.m. is VACATED.

For the following reasons, the application for default judgment is DENIED WITH PREJUDICE and the action is DISMISSED.  The Clerk shall retain the funds deposited by Hartford Life and Accident Insurance Company until the Court is presented with evidence appropriate under California's Probate Code identifying the successor-in-interest of Paul Maas.  Although this case is now administratively closed, a party may file such evidence with the Court under this case number.

**I.      BACKGROUND**

Decedent Paul Maas was an employee of Molina Healthcare, Inc. and participated in an employee welfare benefit plan that provided eligible participants with group life insurance benefits.  (Compl., Doc. 1 ¶¶ 8–9.)  The plan's life-insurance benefits were funded in part by a policy that Hartford Life and Accident Insurance Company issued to Molina Healthcare.  (*Id.* ¶ 8.)  After Paul's death, Samantha Maas, Ruth Maas, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-00297-JLS-KES                                      Date: December 06, 2023

Title: Hartford Life and Accident Insurance Company v. Ruth Maas et al

Denise Veloff each claimed entitlement to his $89,000 in life-insurance benefits, plus accrued interest.  (*Id.* ¶¶ 13, 18.)

Facing "multiple liability" due to these conflicting claims, Hartford filed an interpleader action that named Samantha, Ruth, and Denise as defendants.  Fed. R. Civ. P. 22(a)(1).  In its interpleader complaint, Hartford alleged that, "[a]ccording to information provided by Molina Healthcare," Paul had designated "Samantha Maas as the primary beneficiary for his life-insurance benefits.  (Compl., Doc. 1 ¶ 10.)  The complaint did not, however, describe this "information."  Nor did Hartford attach any exhibits to its complaint showing that Paul had, in fact, designated Samantha.  In her answer, Samantha echoed Molina Healthcare's allegation and contended that Paul had designated her as the beneficiary.  (Samantha Answer, Doc. 31 ¶ 1.)  Ruth, however, contended that "[t]he insured had previously designated Defendant-in-Interpleader Ruth Maas as the sole beneficiary on his life insurance policy."  (Ruth Answer, Doc. 14. ¶ 10.)  Thus, the pleadings led the Court to believe that this was a case in which the decedent had designated a beneficiary—with a dispute over who that beneficiary is.

The Court subsequently granted a stipulation dismissing Hartford and Veloff from the action.  (Order Granting Stipulation of Dismissal, Doc. 37.)  Hartford was awarded $6,600 in attorney fees and costs, and Defendants Ruth and Samantha settled with Veloff for $1,500—with both sums paid from the funds Hartford deposited with the Court.  (*See id.*; Disbursement to Hartford, Doc. 48; Disbursement to Denise, Doc. 49.)

Ruth moved for summary judgment, taking two seemingly inconsistent factual positions.  In a declaration accompanying her motion, Ruth contended as she had in her answer that Paul had designated her as a beneficiary but had simply done so in an incomplete manner: "At the time of the designation on this policy, Paul Maas wrote the address for Ruth Maas as the sole beneficiary on this policy, but misstated my name." (Ruth Decl. ISO MSJ, Doc. 33-1 ¶ 2.)  But in her memorandum, Ruth argued that she is entitled to the deposited funds because Paul "intended" that she "be his life insurance beneficiary."  (MSJ, Doc. 33 at 5.)  The memorandum's focus on who Paul would have

_____  _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-00297-JLS-KES                                   Date: December 06, 2023

Title: Hartford Life and Accident Insurance Company v. Ruth Maas et al

designated suggested for the first time in this case that Paul had not made a beneficiary designation.  The Court denied the motion because Ruth had not provided, as required by the best-evidence rule, a copy of the purported beneficiary designation described in her declaration.  (Order Denying MSJ, Doc. 38 at 3.)  The Court emphasized that it would not resolve this case "without admissible evidence as to [the] key issue" in this case: whether Paul had designated a beneficiary before his death and, if so, who that beneficiary is.

Although Samantha initially participated in this case pro se, she has since failed to engage in discovery, participate in Court-ordered mediation, and respond to an order to show cause directed at her.  (*See* OSC re: Failure to Mediate, Doc. 46.)  After Samantha failed to respond to the Court's order to show cause, the Court directed the Clerk to enter default against her.  (Order Directing Clerk to Enter Default, Doc. 50; Entry of Default, Doc. 51.)  After Samantha's default, the Court held a final pretrial conference in which it explained to counsel for Ruth that the Court "lack[ed] the required items to grant default judgment"—that is, any admissible evidence of whether Paul designated a beneficiary and, if so, whether Ruth is that beneficiary.  (Minutes of Final Pretrial Conference, Doc. 56.)  Accordingly, the Court reopened discovery for sixty days.  (*Id.*)

Ruth then applied for default judgment.  (App., Doc. 60.)  For the first time, the Court has been presented with documentary evidence going to the beneficiary-designation question.  Ruth's application for default judgment is accompanied by a copy of a Proof of Death form that Molina Healthcare completed after Paul's death and mailed to Hartford.  (Proof of Death Form, Doc. 60-2.)  Molina Healthcare marked a box "No" in response to the question, "Is there a Beneficiary Designation Card on file?"  (*Id.*)  And Ruth's application concedes that "there is no written designation" on file.  (App., Doc. 60 at 5; *see also* Counsel Decl., Doc. 60-1 ¶ 7 ("documents confirm that there is 'NO Benefit Designation Card on file'").)  Thus, contrary to Hartford's allegation in its complaint and contrary to Ruth's contention in her answer and at summary judgment, Paul had not designated a beneficiary for his life-insurance benefits.  In light of this, Ruth argues in her application that she is entitled to the funds because it "was [Paul's] intent" that she be the beneficiary.  (App., Doc. 60 at 5.)

_____

**CIVIL MINUTES – GENERAL**                                                    3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-00297-JLS-KES                    Date: December 06, 2023

Title: Hartford Life and Accident Insurance Company v. Ruth Maas et al

## II.  LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process: An entry of default judgment must be preceded by an entry of default. Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party.  *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."  *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment."  *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

A district court has discretion to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The Ninth Circuit has set forth seven factors to be considered by courts when exercising their discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and  (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  A plaintiff's failure to satisfy the second and third factors is sufficient grounds on which to deny an application for default judgment.  *See GS Holistic, LLC v. Ravens Smoke Shop, Inc.*, No. CV 22-7199-MWF (EX), 2023 WL 5504964, at *3 (C.D. Cal. July 10, 2023) ("[T]he Court may render judgment based on an assessment of the second and third *Eitel* factors alone."); *Bailey v. HVSN Enters. Inc.*, No. CV 22-01744-ODW (AGRx), 2021 WL 794501, at *2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-00297-JLS-KES                                Date: December 06, 2023

Title: Hartford Life and Accident Insurance Company v. Ruth Maas et al

("The second and third *Eitel* factors alone demonstrate that default judgment is improper, and the Court need not assess the remaining factors.").

### III.    **DISCUSSION**

The Court DENIES WITH PREJUDICE Ruth's application for default judgment.

#### A.    **Local Rule 55-1**

Ruth's application substantially complies with Local Rule 55-1.  Ruth accompanied her application with a sworn declaration stating when and against whom default was entered; the identification of the pleadings to which default was entered; and that Samantha is not an infant, incompetent person, or military servicemember.  C.D. Cal. R. 55-1(a)–(d).  (Counsel Decl., Doc. 60-1 ¶¶ 5-6.)  Though the declaration did not indicate that the application had been served on Samantha (C.D. Cal. R. 55-1(e)), she had previously been granted e-filing access (Order Granting App. for Electronic Filing, Doc. 28).  Therefore, Samantha was electronically served with Ruth's application for default judgment.  *See* C.D. Cal. R. 5-3.2.1 ("Upon the electronic filing of a document, a [notice] will be automatically generated . . . and sent by e-mail to[] . . . all pro se parties who have been granted leave to file documents electronically . . . .").

#### B.    *Eitel* **Factors**

Because Ruth has failed to satisfy the second and third *Eitel* factors, the Court DENIES the application for default judgment.  *See GS Holistic*, 2023 WL 5504964, at *3; *Bailey*, 2021 WL 794501, at *2.  These two factors require the Court to assess the merits (as pled) of Ruth's claim that she is entitled to recover Paul's life insurance benefits because Paul would have intended for her to do so.  *See Eitel*, 782 F.2d at 1471.

Here, both Hartford's interpleader complaint and Ruth's answer are barebones pleadings that contain allegations contradicted by the subsequently produced Proof of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-00297-JLS-KES                              Date: December 06, 2023

Title: Hartford Life and Accident Insurance Company v. Ruth Maas et al

Death form.  In its interpleader complaint, Hartford alleged that, "[a]ccording to information provided by Molina Healthcare," Paul had designated ***Samantha*** as the beneficiary.  (Compl., Doc. 1 ¶ 10 (emphasis added).)  Ruth's answer, by contrast, contended that "[t]he insured had previously designated . . . ***Ruth*** Maas as the sole beneficiary on his life insurance policy."  (Ruth Answer, Doc. 14 ¶ 10 (emphasis added).)  But the Proof of Death form that Molina Healthcare completed after Paul's death and which Ruth attached as an exhibit to her application for default judgment marked a box "***No***" in response to the question, "Is there a Beneficiary Designation Card on file?" (Proof of Death Form, Doc. 60-2 (emphasis added).)  Therefore, the pleadings on the key question of whether Paul designated a beneficiary have been proven to be false.

That leaves the Court with Ruth's contention in her application that she is entitled to recover Paul's life-insurance benefits even though Paul did not designate her as the beneficiary because "Paul Maas would reasonably have [had] Ruth Maas as his life insurance beneficiary."  (App., Doc. 60 at 6.)  But Ruth provides no authority to support her argument that, where an insured dies without having designated a beneficiary, the Court can engage in a freewheeling inquiry into who a decedent would have designated as a beneficiary had he done so.  Instead, it appears to the Court that, because Paul died without a beneficiary, his life-insurance benefits have passed to his estate.

IV.   **CONCLUSION**

For the foregoing reasons, Ruth's application for default judgment is DENIED WITH PREJUDICE and the action is DISMISSED.  The Clerk shall retain the funds deposited by Hartford until the Court is presented with the appropriate evidence under California's Probate Code identifying the successor-in-interest of Paul Maas.

Initials of Deputy Clerk:  gga